FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2015 DEC 7  AM 10 17

# UNITED STATES DISTRICT COURT
### DISTRICT OF WYOMING

| | |
|---|---|
| RACHEL JAMES ) | Case Number: 15cv 219 -S |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | |
| ) | |
| QUANTUM ACCOUNTS RECEIVABLE ) | |
| MANAGEMENT SERVICES, INC., A TEXAS ) | |
| CORPORATION, ) | |
| VITAMIN COTTAGE NATURAL FOOD ) | |
| MARKETS, INC., A COLORADO CORPORATION, ) | |
| MICHAEL T. MCCLAIN, ) | **JURY TRIAL DEMANDED** |
| JOHN DOE 1 through 100, ) | |
| ) | |
| DEFENDANTS. ) | |

## COMPLAINT

Comes now the Plaintiff, Rachel James, pro se, and for her Complaint states:

## INTRODUCTION

This action arises out of the facts and circumstances surrounding the collection of an

alleged consumer debt.

Rachel James (hereinafter "Plaintiff"), an individual, on this 7th day of December, 2015,

brings this Complaint against: Quantum Accounts Receivable Management Services, Inc.

(hereinafter "Quantum"), Michael T. McClain (hereinafter "McClain"), Vitamin Cottage Natural

Food Markets Inc., (hereinafter "Vitamin Cottage"), and John Doe 1-100.

Plaintiff seeks statutory, actual, and punitive damages, as well as attorney fees and costs

for this litigation, for violations of the *Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq.* (hereinafter "FDCPA"), the *Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 et seq., Wyoming Consumer Protection Act W.S. § 40-12-101 et seq.* (hereinafter "WCPA"), *Wyoming Collection Agency Act W.S. § 33-11-101 et seq.* (hereinafter "WCAA"), *Texas Debt Collection Practices Act, Chapter 392 Tex. Fin. Code §§ 392.001-.404* (hereinafter "TDCPA"), fraud, constructive fraud, civil conspiracy, and emotional distress.

## PARTIES

1. Plaintiff as a natural person residing in the city of Cheyenne, Laramie County, Wyoming and was a "consumer" at all times as alleged in this Complaint, in so far as consumer is defined by *15 U.S.C. § 1692(a)(3)*.[1]

2. Defendants Quantum and McClain, with a primary place of business located at 2820 South Padre Island Drive, Suite 205, Corpus Christi, Texas, 78415, were acting as "debt collectors" in so far as "debt collector" is defined by *15 U.S.C. § 1692(a)(6)* and were attempting to collect a "debt" in so far as "debt" is defined by *15 U.S.C. § 1692(a)(5)*, which was allegedly due a "creditor" in so far as "creditor" is defined by *15 U.S.C. § 1692(a)(4)*.

3. Defendant Vitamin Cottage is a retail store chain with a primary place of business located at 12612 West Alameda Parkway, Lakewood, Colorado, 80228.

4. The specific employees of Defendants Quantum and Vitamin Cottage, listed as John Doe 1 through 100 in this Complaint, that were assigned Plaintiff's file/case/account and/or that communicated with the Plaintiff about the subject matter in this Complaint, are unknown at this

---

[1] For the purposes of the TDCPA and WCAA, the Plaintiff meets the definition of a consumer.

time and will be named and joined as parties once discovery has been completed.[2]

## JURISDICTION AND VENUE

5. Plaintiff incorporates by reference and re-alleges paragraphs (1) through (5).

6. Jurisdiction is conferred on this Court by the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367. This honorable Court is a Court of competent jurisdiction which has original jurisdiction over Plaintiff's federal claims and is authorized by the FDCPA to hear and adjudicate Plaintiffs claims against Defendants.

7. As Plaintiff's state claim is related to Plaintiff's federal claims, are inextricably entwined and arise out of a common nucleus of related facts, this Court has supplemental jurisdiction to hear Plaintiff state claim against Defendants.

8. Plaintiff state claim is related to Plaintiff federal claims as those claims form part of the same case of controversy under Article III of the United States Constitution.

9. Plaintiff state claim is not complex or novel and is straightforward.

10. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202.

11. Declaratory judgment is just and proper in this case, as declaratory judgment will send the appropriate message to the Defendants that their conduct will continue to subject them to future damages.

12. Venue is proper as all alleged conduct by Defendants took place in Cheyenne, Wyoming,

---

[2] "An employee cannot escape liability under the FDCPA because he was merely following established office procedure with no intent to violate the FDCPA." *Newman* v. *Checkrite California,* 912 F. Supp. 1354(E.D.Ca. 1995); *West* v. *Costen,* 558 F. Supp. 564 (W.D.Va. 1983).*Drennan* v. *VanRu Credit Corp.,* 950 F. Supp. 858 (N.D.III. 1996). *Ditty* v. *Checkrite, Ltd., Inc.,* 973 F. Supp. 1320 (D. Utah 1997). *Russell* v. *Goldman Roth Acquisitions, LLC* (No. 110-cv-1224; March 12,2012; Maloney, I.). *Blakemore* v. *Pekay,* 895 *F. Supp.* 972, 977 (N.D. Ill.1995).

while the Plaintiff was residing in Cheyenne, Wyoming, and/or the Defendants have availed themselves of jurisdiction in this venue by conducting business therein.

## RELEVANT PRECEDENT & STATUTORY STRUCTURE OF THE FDCPA & TDCPA

13. Plaintiff incorporates by reference and re-alleges paragraphs (1) through (13).

14. The FDCPA is a strict liability statute that covers both intentional and unintentional violations.[3]

15. Courts are to employ and use the "least sophisticated consumer" standard when analyzing FDCPA claims, and whether conduct violates the FDCPA is to be determined by analyzing the conduct from the perspective of the least sophisticated consumer.[4]

16. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 US C. §1692f.[5]

17. The FDCPA imposes three broad prohibitions. *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir.2002). First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any

---

[3] *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002); *Strand* v. *Diversified Collection Serv., Inc.,* 380 F.3d 316,317 (8th Cir. 2004).

[4] *Fouts v. EXPRESS RECOVERY SERVICES, INC.*, No. 14-4046 (10th Cir. Feb. 3, 2015); *Freyermuth* v. *Credit Bureau Servs Inc.,* 248 F.3d 767, 771 (8th Cir. 2001) (quoting *Duffy* v. *Landberg,* 215 F.3d 871, 873 (8th Cir.2000).

[5] "Statutory proscriptions using general terms such as unfairness are to be given effect by considering public values beyond simply those enshrined in the letter or encompassed in the spirit of the statute." *Federal Trade Commission* v. *Sperry & Hutchinson Co.,* 405 U.S. 233 S. Ct. (1972).

debt." *Id.* § 1692f. "Violation of these standards subjects debt collectors to civil liability ... or

administrative enforcement by the Federal Trade Commission." *Johnson*, 305 F.3d at 1117.[6]

18. A debt collector violates the FDCPA if they attempt to collect or collect any amount

(including any interest, fee, charge, or expense incidental to the principal obligation) unless such

amount is expressly authorized by the agreement creating the debt or permitted by law. *15 U.S.C.*

*§ 1692(1).*

19. The bona fide error defense is limited to clerical errors. *Picht* v. *Jon R. Hawks*, Ltd., 236,

3d 446,451 (8th Cir. 2001).[7]

20. Under the FDCPA, *15 U.S.C. §1692k(a)(2),* any debt collector who fails to comply with

any provision of the FDCPA with respect to any person is liable to such person for statutory

damages up to $1,000.

21. Under the FDCPA, 15 *US* C. § *1692k(a)(1),* any debt collector who fails to comply with

any provision of the FDCPA with respect to any person is liable to such person for actual

damages.

22. Under the FDCPA, 15 *US* C. §*1692k(a)(3),* a Plaintiff who is successful in an FDCPA

action is entitled to attorney fees and costs for the litigation, as determined by the court.

23. A person violates the TDCPA by engaging in any unconscionable, false, or deceptive act

or practice. *Chapter 392 Tex. Fin. Code §§ 392.001-.404.*

---

[6] See also *James v. Wadas*, 724 F.3d 1312 (10th Cir. 2013) and 15 U.S.C. §§ 1692k, 16921.

[7] This case presents the question whether the "bona fide error" defense applies to a violation resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA. "We conclude it does not." *Jerman v.Carlisle, McNellie, Rini, Kramer & Ulnch LPA,* No. 08-1200,130 S. Ct. 1605; 176 LEd. 2D 519; 2010 U.S. Lexis 3480; (April 21, 2010).

24. Any person who suffers actual damage or injury as a result of an offense or violation of the TDCPA has a cause of action to recover actual damages, reasonable attorney's fees, and not less than $100 for each violation. *Chapter 392 Tex. Fin. Code §392.403(2), (b),* and *(e)*.

25. WCAA, Chapter 4, Section 6 of the Rules & Regulations of the Collection Agency Board creates a state cause of action and private right of action for damages for conduct that violates the provisions of the "Fair Debt Collection Practices Act (FDCPA) as issued and amended as of October 13, 2006, and contained in Title I of the Consumer Credit Protection Act (15 U.S.C. 1601 et seq.)."

26. That the Defendants violations of the FDCPA are per se violations of the WCAA.

**FACTS COMMON TO ALL COUNTS**

27. Plaintiff incorporates by reference and re-alleges paragraphs (1) through (26).

28. Based upon information and belief, Quantum collects or attempts to collect debts due or asserted to be due for Vitamin Cottage for their stores in Wyoming.

29. Defendants Quantum, McClain, and Vitamin Cottage have previously been advised of the collection agency licensing requirements and regulations in Wyoming.[8]

30. On or about October 6, 2015 Quantum mailed or caused to be mailed, under the direct authority and supervision of Quantum, voluntarily, a communication to Plaintiff alleging money owed for an account placed with Quantum for collection, account number 285243-179465 (See Exhibit 1). The communication demanded payment for the face value of the check, "Return Check Fee: $30".

---

[8] See *James v. Quantum, et al.* WYD 2013cv00165.

31. On or about October 12, 2015 Quantum mailed or caused to be mailed, under the direct authority and supervision of Quantum, voluntarily, a communication to Plaintiff alleging money owed for an account placed with Quantum for collection, account number 288295-179465 (See Exhibit 2). The communication demanded payment for the face value of the check, "Return Check Fee: $30".

32. On the date of November 2, 2015, and in response to Quantum's communications on or about October 6, 2015 and October 12, 2015, Plaintiff notified Quantum by certified mail, Plaintiff requested "validation" and "refused to pay the debt" (See Exhibit 3).

33. On or about November 13, 2015, Quantum mailed or caused to be mailed, under the direct authority and supervision of Quantum, voluntarily, a communication to Plaintiff, in direct response to Plaintiff's November 2, 2015 communication. (See Exhibit 4).

34. On or about November 20, 2015, Quantum mailed or caused to be mailed, under the direct authority and supervision of Quantum, voluntarily, a communication to Plaintiff, where Defendant Quantum admits to collecting in Wyoming in error. (See Exhibit 5).

## COUNT 1 FDCPA VIOLATIONS, AS TO DEFENDANTS QUANTUM, MCCLAIN. JOHN DOE THROUGH 100

35. Plaintiff incorporates by reference and re-alleges paragraphs (1) through (34). The Defendants violation of the FDCPA include but are not limited to the following:

36. Defendant Quantum, on or about the dates of October 6, 2015 through November 25, 2015, violated the FDCPA, by representing themselves to Plaintiffs as collection agency authorized to conduct the business of a collection agency in the state of Wyoming. However,

Defendants were not licensed to conduct the business of a collection agency in the state of Wyoming during their communications with Plaintiff. As such, QUANTUM's conduct violated 15 U.S.C. § 1692d, 1692e(5), 1692e(10), and 1692f.

37. Defendant QUANTUM, on or about October 6, 2015 and October 12, 2015, violated the FDCPA, by mailing or causing to be mailed a written communication to Plaintiff that attempts to collect an amount that is not expressly authorized by agreement or law, "Return Check Fee: $30". As such, QUANTUM's conduct violated 15 U.S.C. § 1692e(2), 1692f, and 1692f(1).

38. Defendant John and/or Jane Doe, on or about October 6, 2015 and October 12, 2015, violated the FDCPA, by mailing or causing to be mailed a written communication to Plaintiff that attempts to collect an amount that is not expressly authorized by agreement or law, "Return Check Fee: $30". As such it is a violation of 15 U.S.C. § 1692e(2), 1692f, and 1692f(1).

39. Defendant QUANTUM's violation of Wyoming state law, in regards to engaging in deceptive practices and engaging in the business of a collection agency without a license, are a violation of the FDCPA. A violation of state law constitutes a violation of the FDCPA, because the state law violation is a violation which involves false, deceptive, or misleading representations. *See, Carlson vs. First Revenue Assurance, 359 F3d. 1015 (8th Cir. 2004).*

40. As a result of the foregoing violations of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fees, and costs pursuant to 15 U.S.C. § 1692k.

## COUNT 2 VIOLATIONS OF THE TDCPA, AS TO DEFENDANTS QUANTUM, MCCLAIN. JOHN DOE THROUGH 100

41. Plaintiff incorporates by reference and re-alleges paragraphs (1) through (40). The Defendants' violation of the TDCPA includes but is not limited to the following:

42. Defendant QUANTUM, on or about the dates of October 6, 2015 through November 25, 2015, violated the TDCPA, by representing themselves to Plaintiffs as a collection agency authorized to conduct the business of a collection agency in the state of Wyoming. However, Defendant QUANTUM was not licensed to conduct the business of a collection agency in the state of Wyoming during their communications with Plaintiffs. As such, QUANTUM's conduct violated Tex. Fin. Code § 392.301(a)(8), and 392.304(a)(19).

43. Defendant QUANTUM, on or about October 6, 2015 and October 12, 2015, violated the TDCPA, by mailing or causing to be mailed a written communication to Plaintiff that attempts to collect an amount that is not expressly authorized by agreement or law, "Return Check Fee: $30". As such, QUANTUM's conduct violated Tex. Fin. Code § 392.303(a)(2), and 392.304(a)(19).

44. Defendant John and/or Jane Doe, on or about October 6, 2015 and October 12, 2015, violated the TDCPA, by mailing or causing to be mailed a written communication to Plaintiff that attempts to collect an amount that is not expressly authorized by agreement or law, "Return Check Fee: $30". As such it is a violation of Tex. Fin. Code § 392.303(a)(2), and 392.304(a)(19).

45. Defendant QUANTUM, on October 6, 2015 and October 12, 2015, violated the TDCPA, by misrepresenting the character, amount, and legal status of the alleged debts with the information provided to Plaintiff. As such, QUANTUM's conduct violated Tex. Fin. Code § 392.304(a)(8), and 392.304(a)(19).

46. Defendant John and/or Jane Doe, on or about October 6, 2015 and October 12, 2015, violated the TDCPA, by misrepresenting the character, amount, and legal status of the alleged debts with the information provided to Plaintiff. As such it is a violation of Tex. Fin. Code § 392.304

47. As a result of the foregoing violations of the TDCPA, Plaintiffs are entitled to statutory damages in an amount no less than $100.00 for each violation of the TDCPA, reasonable attorney's fees, costs, and actual damages pursuant to Tex. Fin. Code § 392.403.

## COUNT 3 VIOLATIONS OF WCPA

48. Plaintiff incorporates by reference and re-alleges paragraphs (1) through (47). The Defendants violation of the WCPA include but are not limited to the following:

49. Defendant QUANTUM's communication with the Plaintiff, on or about October 6, 2015 through November 20, 2015 was made while illegally conducting the business of a collection agency and a debt collector in the state of Wyoming.

50. Plaintiff's validation communication gave QUANTUM the statutorily required notice in writing to cure the unlawful deceptive trade practices.

51. Defendant QUANTUM recklessly and willfully chose to demand payment for alleged debts while illegally conducting the business of a collection agency and a debt collector in the state of Wyoming.

52. Defendant QUANTUM knew that they were required to be licensed by the state of Wyoming to conduct the business of a collection agency in the state of Wyoming. As a result of Defendant QUANTUM's violation of the WCPA, Plaintiffs are entitled to actual damages

pursuant to Wyoming Statutes § 40-12-108.

## COUNT 4 VIOLATIONS OF THE WCAA

53. Plaintiff incorporates by reference and re-alleges paragraphs (1) through (52). The Defendants violation of the WCAA include but are not limited to the following:

54. Defendant QUANTUM's communication with the Plaintiffs, on or about October 6, 2015 through November 20, 2015 was made while illegally conducting the business of a collection agency and a debt collector in the state of Wyoming.

55. Defendant QUANTUM recklessly and willfully chose to demand payment for alleged debts while illegally conducting the business of a collection agency and a debt collector in the state of Wyoming.

56. Defendant QUANTUM violated Chapter 4 Section 6 of the Collection Agency Board Rules and Regulations as detailed in Count 1 FDCPA Violations.

57. John and/or Jane Doe violated Chapter 4 Section 6 of the Collection Agency Board Rules and Regulations as detailed in Count 1 FDCPA Violations.

## COUNT 5 VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANZIZATIONS (RICO) ACT

58. Plaintiff incorporates by reference and re-alleges paragraphs (1) through (57).

59. Defendants violated the RICO Act, specifically, 18 *U.S.C.* § *1692(c),* as Defendant McClain operates and manages the enterprise Quantum, which enterprise carried out a pattern of racketeering and criminal conspiracy against the Plaintiff, with a scheme to defraud the Plaintiff,

and then committed fraud against the Plaintiff with a continuous series of racketeering activity targeting the Plaintiff.

### COUNT 6 FRAUD OR IN THE ALTERNATIVE CONSTRRUCTIVE FRAUD

60. Plaintiff incorporates by reference and re-alleges paragraphs (1) through (59).

61. The conduct of the Defendants, as alleged in paragraphs (1)-(60), makes them guilty of fraud, or in the alternative constructive fraud.

### CAUSES OF ACTION AGAINST DEFENDANT VITAMIN COTTAGE AND JOHN DOE 1 THROUGH 100

### COUNT ONE, VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS (RICO) ACT, OR IN THE ALTERNATIVE CIVIL CONSPIRACY OR IN THE ALTERNATIVE FRAUD, OR IN THE ALTERNATIVE CONSTRUCTIVE FRAUD

62. Plaintiff incorporates by reference and re-alleges paragraphs (1) through (61).

63. Defendant Vitamin Cottage, by the conduct complained of in this Complaint makes them guilty of RICO violations, or in the alternative, civil conspiracy, or in the alternative fraud, or in the alternative constructive fraud.[9]

### COUNT TWO, VICARIOUS LIABILITY

64. Plaintiff incorporates by reference and re-alleges paragraphs (1) through (63).

65. Plaintiff alleges Defendant Vitamin Cottage is aware of Defendants Quantum and McClain's debt collection practices.

---

[9] After discovery the Plaintiff can properly amend her Complaint if necessary.

66. Plaintiff alleges that Defendant Quantum and McClain acted with both actual and apparent authority.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Rachel James, respectfully requests this Honorable Court find in her favor and enter judgment against the Defendant for the following:

a. Declaratory judgment ruling and finding Quantum violated the Wyoming Consumer Protection Act, Wyoming Statute § 40-12-101 *et seq*. specifically, engaging in deceptive trade practices in the state of Wyoming;

b. Declaratory judgment ruling and finding Quantum violated Wyoming Collection Agency Act, Wyoming Statute § 33-11-101 *et seq*. specifically, operating as a collection agency in the state of Wyoming without a license issued by the Collection Agency Board.

c. Statutory damages of $1,000 per Defendant, pursuant to FDCPA 15 U.S.C. § 1692k;

d. Damages of $1,000 per Defendant, pursuant to Chapter 4 Section 6 of the Rules and Regulations of the Collection Agency Board;

e. Actual damages of $5,000, and up to an amount proven at trial, pursuant to FDCPA 15 U.S.C. § 1692k for emotional distress;

f. Statutory damages of no less than $8,000 per Defendant and up to an amount proven at trial pursuant to TDCPA § 392.403;

g. Other punitive damages in an amount to be determined by the jury;

h. Court costs, service costs, and reasonable attorneys fees;

i. Such other and further relief that the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, Rachel James hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

Date: December 7, 2015

Rachel James
3422 Cribbon Avenue
Cheyenne, Wyoming 82001
rachelsjames1993@gmail.com
307-287-4811

# QUANTUM ACCOUNTS RECEIVABLE MANAGEMENT SERVICES, INC
# 2820 SOUTH PADRE ISLAND DRIVE, SUITE 205
# CORPUS CHRISTI, TEXAS 78415
# TEL. 361-993-9370
# TOLL FREE 1-800-840-3725

10/6/2015

RACHEL JAMES
3422 CRIBBON AVE
CHEYENNE WY 82001

Client: VITAMIN COTTAGE / CH
Account #: 285243-179465

Original Balance: 615.74
Returned Check Fee: 30.00
Collection Fee:    0.00

Check Date: 9/12/2015
Check #: 1042

Total Amount Due: 645.74

Unless you notify this office within 30 days from the date of receipt of this notice that you dispute the validity of this debt or any portion there of, this office will assume this debt is valid. If you notify this office within 30 days of  receipt of this notice that the debt, or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of said judgment or verification.

If you request within 30 days of receiving this notice, this office will provide you with the name and address of original creditor if different from the current creditor.

** If you notify our agency to cease contact by telephone at your residence and/or place of employment, then no other contact by telephone shall be made. If you notify this agency that you refuse to pay this debt or you wish this agency to cease verbal communication with you, this agency will not communicate further with respect to this debt, except for written communication:

    A. To advise you that further efforts are being terminated.

    B. To notify you that this agency may invoke specified remedies which are ordinarily invoked by such collection agencies and/or creditors or, where applicable, to notify you that this agency may invoke a specified remedy permitted by law.

    C. **Payment must be made directly to:** Quantum Accts Receivable Mgmt

                               2820 S Padre Island Dr Ste 205
                               Corpus Christi, Texas 78415



This is a communication from a debt collector attempting to collect a debt. Any information will be used for that purpose only.

# QUANTUM ACCOUNTS RECEIVABLE MANAGEMENT SERVICES, INC
## 2820 SOUTH PADRE ISLAND DRIVE, SUITE 205
## CORPUS CHRISTI, TEXAS 78415
## TEL. 361-993-9370
## TOLL FREE 1-800-840-3725

10/12/2015

RACHEL JAMES
3422 CRIBBON AVE
CHEYENNE WY 82001

Client: VITAMIN COTTAGE / CH
Account #: 288295-179465

Original Balance: 772.41
Returned Check Fee: 30.00
Collection Fee:    0.00

Check Date: 9/19/2015
Check #: 1043

Total Amount Due: 802.41

Unless you notify this office within 30 days from the date of receipt of this notice
that you dispute the validity of this debt or any portion there of, this office will
assume this debt is valid. If you notify this office within 30 days of  receipt of
this notice that the debt, or any portion thereof is disputed, this office will
obtain verification of the debt or obtain a copy of the judgment and mail you a
copy of said judgment or verification.

If you request within 30 days of receiving this notice, this office will provide
you with the name and address of original creditor if different from the
current creditor.

** If you notify our agency to cease contact by telephone at your residence
   and/or place of employment, then no other contact by telephone shall be made.
   If you notify this agency that you refuse to pay this debt or you wish this agency
   to cease verbal communication with you, this agency will not communicate further
   with respect to this debt, except for written communication:

   A. To advise you that further efforts are being terminated.

   B. To notify you that this agency may invoke specified remedies which are
      ordinarily invoked by such collection agencies and/or creditors or,
      where applicable, to notify you that this agency may invoke a specified
      remedy permitted by law.

   C. Payment must be made directly to: Quantum Accts Receivable Mgmt

                          2820 S Padre Island Dr Ste 205
                          Corpus Christi, Texas 78415



EXHBIT 2

This is a communication from a debt collector attempting to collect a debt.
Any information will be used for that purpose only.

November 2, 2015

Dear Quantum,:

In response to your letters you sent me that has dated October 6, 2015 and October 12, 2015, and the account number from you of 285243-179465 and 288295-179465. I request validation and I refuse to pay.

Thank You,

Rachel James

EXHBIT 3

# *Quantum*

## *Accounts Receivable Management Services Inc.*

November 13th, 2015

Rachel James
3422 Cribbon Avenue
Cheyenne, Wyoming 82001

Subject: Request for Validation / Refuse to Pay

Per your request, enclosed are copies of checks returned NSF payable to
Natural Grocers / Vitamin Cottage.

Account Numbers: 285423-179465
285295-179465

The above referenced account numbers / checks have been deleted from our system
and there will no further attempts to collect or communication regarding this matter.

The original creditor has been notified of the same.

The original subject checks have been forwarded to the original creditor.

Thank you,

Mike McClain

EXHBIT 4

This written correspondence is/was an attempt to collect a debt and any information
obtained is for debt collection purposes only.

*Tel. 361-993-9370 / Fax. 361-993-9374*
*Toll Free. 1-800-840-3725*
*2820 South Padre Island Drive, Suite 205*
*Corpus Christi, Texas 78415*

# *Quantum*
## *Accounts Receivable Management Services, Inc.*

November 20th, 2015

Rachel James
3422 Cribbon Avenue
Cheyenne, Wyoming 82001

Subject: Settlement Purposes Only

Rachel,

I am addressing your claims per the following:

1) The State of Texas has no jurisdiction nor interest in the actions of a
   Texas Registered and Bonded collection agency outside of the State of Texas.
   ....specifically as to whether or not an agency is licensed in any state other
   than the State of Texas.

2) State of Wyoming collection agency licensing:

   We do not attempt to collect debts in the State of Wyoming.

   Our only client in the State of Wyoming thru an association with a corporation
   headquartered in Colorado is Natural Grocers by Vitamin Cottage with locations
   in Cheyenne and Casper.

   The only returned checks received from either entity in the State of Wyoming
   were issued by you and associated family members.

   In error, upon receipt of your check #'s 1042 and 1043, we mailed you a
   30 Day Validation of Debt Letter.

   After doing so we realized the error and noted such in our system to avoid any
   attempted or placed telephone calls or any communication of any kind as well
   as no reporting to any credit bureau.

   As previously communicated to you, these items were deleted from our system
   and there would be no attempt to recover a debt from you.

Continued,                    EXHBIT 5

The objective of the State of Wyoming Collection Agency Board is to protect consumers in the State of Wyoming against unfair debt collection practices. I am confident they will agree there was no such deliberant nor unfair debt collection practices committed against you on behalf of our agency.

3) Considering the fact that our agency has not violated any federal statute against you, we do not believe a settlement is in order.

   If you wish to further pursue this matter, including filing a lawsuit in Federal Court you are entitled to do so.

   As a member of the American Collectors Association Member ID 3139514, we have discussed your claims with legal affairs and they have agreed, due to our lack of financial resources, to assist our cause thru the assignment of an attorney thru MAP ( Members Attorney Program ).

   The ACA is committed to assisting financially strapped member agencies when confronted with frivolous lawsuits.

Mike McClain

This written correspondence is/was an attempt to collect a debt and any information obtained is for debt collection purposes only.

*Tel. 361-993-9370 / Fax. 361-993-9374*
*Toll Free. 1-800-840-3725*
*2820 South Padre Island Drive, Suite 205*
*Corpus Christi, Texas 78415*